IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ARTHUR N. RUPE FOUNDATION<br><br>*Plaintiff*<br><br>v.<br><br>FRESH ACQUISITIONS, LLC<br><br>*Defendant* | NO. **5:20-cv-00130**_____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Arthur N. Rupe Foundation ("Plaintiff" or "ANRF") files this Complaint against Defendant Fresh Acquisitions, LLC ("Defendant" or "Fresh Acquisitions"), and in support of same respectively would show the Court as follows:

## NATURE OF ACTION

1. This is a breach of contract action against Fresh Acquisitions for the material breach of a lease through non-payment of rent, and for additional breaches of the lease including the failure to maintain and repair the leased premises.

## THE PARTIES

2. ANRF is a California, not for profit, 501(c)(3) entity, organized under the laws of California and headquartered in California.

3. Fresh Acquisitions is a Delaware corporation, that is registered to do business in Texas and has its principal place of business in Texas.  It may be served through its agent for service, TX Alamo Management, LLC at 120 Chula Vista, Hollywood Park, Texas, 78232.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) because (a) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and (b) there is complete diversity of citizenship between the Plaintiff and the Defendant. Plaintiff is a citizen of California and Defendant is a Delaware limited liability company and none of its members are citizens of California.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this action occurred in this District, and because the property that is the subject of this action is stated in this District.

## FACTUAL ALLEGATIONS

6. Plaintiff is the owner of the land and improvements located at 6001 Slide Road, Lubbock, Texas (the "Premises").

7. On December 3, 2004, Plaintiff executed the Amended & Restated Lease Agreement (the "2004 Lease"), under which it leased the Premises to Buffet Partners, L.P. ("Buffet Partners"). On April 13, 2009, Plaintiff and Buffet Partners executed the First Amendment to Amended and Restated Lease Agreement (the "First Amendment" and together with the 2004 Lease, the "Lease").

8. Buffet Partners operated Furr's Cafeteria restaurants at multiple locations including at the Premises. On February 4, 2014, Buffet Partners, filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Texas.

9. On March 28, 2014, Buffet Partners and Chatham Credit Management III LLC ("CCM") executed an Asset Purchase Agreement, under which CCM or its designee would assume the Lease.

10. Subsequently, Fresh Acquisitions was designated by CCM to be the purchaser under the Asset Purchase Agreement. On May 12, 2014, the bankruptcy court approved this sale, which officially closed on June 20, 2014, and Fresh Acquisitions acquired the assets of Buffet Partners and assumed Buffet Partners' rights and obligations under the Lease.

11. Fresh Acquisitions occupied the Premises and continued operation of the restaurant rebranded as Furr's Fresh Buffet.

12. During Fresh Acquisition's occupation of the Premises under the Lease, Plaintiff noted the roof of the Premises needed repairs and, on multiple occasions, reminded Defendant of its duty under the Lease to make such repairs. On September 13, 2019, an inspection of the Premises revealed that the roof had not been repaired and that water was leaking into the Premises in multiple places.

13. Fresh Acquisitions failed to pay the Minimum Rent amount due under the Lease by the August 2019 Minimum Rent Payment Date.[1] On August 26, 2019, Fresh Acquisitions ceased operating the Furr's Fresh Buffet restaurant at the Premises. In a letter dated August 30, 2019, Fresh Acquisitions notified ANRF that Fresh Acquisitions had ceased operations and closed the restaurant, and that it was cancelling the property insurance policy, utilities, and security system for the Premises.

14. Plaintiff exercised its right under the Lease to accelerate all Minimum Rent due under the Lease through December 2, 2024 the ("Accelerated Rent") and, on November 6, 2019, ANRF sent Fresh Acquisitions a written demand for $1,826,415.64 for the Accelerated Rent and additional costs incurred by ANRF as a result of Fresh Acquisitions' breach of the Lease, including real estate taxes and insurance premiums for the Premises, and costs associated with reactivation

---

[1] Capitalized terms used but not defined herein shall have the respective meanings given to them in the Lease.

of the security system for the Premises. ANRF sent additional demands on April 2, 2020 and April 28, 2020.

## CAUSE OF ACTION – BREACH OF CONTRACT

15. ANRF incorporates by reference each allegation in the preceding paragraphs as if set forth fully herein.

16. The Lease is a valid and enforceable contract between ANRF and Fresh Acquisitions.

17. ANRF has fully performed under the Lease and all conditions precedent to ANRF's recovery under the Lease have occurred or have been performed.

18. Without legal excuse, Fresh Acquisitions breached its obligations under the Lease. Specifically, it breached the Agreement by: (a) failing to pay Minimum Rent for August 2019 (or any subsequent month); (b) failing to pay the accelerated Minimum Rent due through December 2, 2024 (the "Accelerated Rent"); (c) failing to maintain and/or repair the Premises; (d) failing to maintain all insurance coverage required under Paragraph 16 of the Lease through December 2, 2024; (e) failing to remove personal property or the property of third parties from the Premises; and (f) failing to pay Additional Rent for any applicable item or charge listed in Paragraph 7 of the Lease..  These failures are deemed events of default under Paragraphs 22(a)(i), 22(a)(ii), and 22(a)(viii) of the Lease.

19. As a direct and proximate result of Fresh Acquisitions' breaches of the Lease, ANRF has suffered harm, for which it seeks redress by way of this complaint.

## ATTORNEYS' FEES

20. ANRF seeks recovery of any and all reasonable and necessary attorneys' fees and costs incurred in connection with this suit pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code, and any and all other applicable law or contract, including Paragraph 23(k) of the Lease.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, ANRF respectfully requests that the Court enter judgment against Fresh Acquisitions and award the following to ANRF for all of Fresh Acquisitions' Monetary Obligations under the Lease including, but not limited to;

- a) The accelerated Minimum Rent ($1,781,107.04);
- b) Additional Rent including, among other things:
  1. Late fee of five percent (5%) on unpaid Minimum Rent;
  2. ANRF's Costs of this litigation;
  3. Applicable real estate taxes;
  4. Insurance premiums;
  5. Cost to reactivate security system;
  6. Any other items expressly required to be paid by Fresh Acquisitions under the Lease including:
  7. Any rent tax, sales tax, or excise tax payable with respect to real property rents due under the Lease;
  8. Interest at the Default Rate—five percent (5%) in excess of the Prime Rate—on unpaid Minimum Rent and Additional Rent;
- c) ANRF's attorney fees under Paragraph 23(k) of the Lease and Chapter 38 of the Texas Civil Practice & Remedies Code;
- d) the reasonable and necessary attorneys' fees ANRF has incurred and will incur in this proceeding; and
- e) that the Court grant ANRF all such other and further relief as to which it may be justly entitled at equity or law.

DATED:       June 16, 2020

          Respectfully submitted,

          KATTEN MUCHIN ROSENMAN LLP

          */s/ Jorge A. Solis*
          Jorge A. Solis
          State Bar No. 18826750
          jorge.solis@katten.com
          Michael J. Chiusano
          State Bar No. 24069503
          Michael.Chiusano@katten.com
          2121 N. Pearl St., Suite 1100
          Dallas, Texas 75201
          214.765.3600 Telephone
          214.765.3602 Facsimile

          ***ATTORNEYS FOR PLAINTIFF ARTHUR N. RUPE FOUNDATION***

          BRADY & HAMILTON LLP

          Zachary S. Brady
          State Bar No. 24012320
          zach@bhlawgroup.com
          1602 13 St.
          Lubbock, Texas 79401
          806.771.1850 Telephone
          806.771.3750 Facsimile

          ***LOCAL COUNSEL FOR PLAINTIFF***